# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SPEIDELL, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01335-DAD-SKO (PC)<br><br>**ORDER FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT, OR NOTIFY COURT OF DESIRE TO PROCEED ONLY ON RETALIAITON CLAIM AGAINST SPEIDELL, CHAMBERS, AND ANDREWS**<br><br>**(Doc. 1)**<br><br>**THIRTY-DAY DEADLINE** |

## INTRODUCTION

### A. Background

Plaintiff, Charles B. Jones, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

### B. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges"). Plaintiff's Complaint violates Rule 8 for the latter. The Complaint is not double-spaced as required by Local Rule 130(c). Thus, though the Complaint is twenty-five (25) pages (which complies with the requirements to be e-filed), if double-spaced it would be twice that length.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*,

2

556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557. As discussed below under each of Plaintiff's delineated claims, the majority of Plaintiff's allegations need not be accepted as true as they are little more than legal conclusions. *Id.*

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible in **no more than twenty-five (25) double-spaced pages**. He should simply state which of his constitutional rights he believes were violated by each Defendant and the factual basis for each claim. Plaintiff **need not and should not** cite legal authority for his claims in a first amended complaint. The Complaint would have been much less unwieldy if Plaintiff

had not included so many legal citations and conclusions of law. Plaintiff's factual allegations are accepted as true and need not be bolstered by legal authority at the pleading stage. If Plaintiff files a first amended complaint, his factual allegations will be screened under the legal standards and authorities stated in this order.

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

The allegations in Plaintiff's fifth and sixth claims are not properly linked to any of the named defendants. In these claims, Plaintiff indicates that the offending parties are "the defendants," "the named defendants," and "prison officials named herein." (Doc. 1, pp. 19-23.) Generic identifiers, without surname specificity, do not suffice to place any defendant on notice of a plaintiff's claims so as to prepare a defense. *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Although Plaintiff names Artlitz and Stewart as defendants, he fails to link either of them to any of his factual allegations.

Plaintiff's allegations must demonstrate that each individual defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The

mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

### 3. Federal Rule of Civil Procedure 18(a) & 20(a)(2)

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim for relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, as many claims as the party has against an opposing party. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the additional claims to determine if they may be joined under Rule 18(a) which permits the joinder of multiple claims against the same party.

The Court must be able to discern a relationship between Plaintiff's claims or there must be a similarity of parties. Here, any such relationship is unclear because of ~~both~~ Plaintiff's failure to properly link individual named defendants to Claims #5 and #6 as well as his prolific use of legal citations and conclusions, instead of factual allegations.

The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. retaliation by different actors on different dates, under different factual events) does not necessarily make the claims related for purposes of Rule 18(a). All claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal.

Plaintiff is cautioned that if he fails to elect which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims

5

should proceed and which claims will be dismissed. *Visendi v. Bank of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013). Whether any claims will be subject to severance by future order will depend on the viability of the claims pled if Plaintiff decides to file a first amended complaint.

## DISCUSSION

### A. Plaintiff's Allegations

Plaintiff is currently incarcerated at California State Prison in Corcoran, California ("CSP-Cor), but contends that his rights were violated while he was housed at Kern Valley State Prison ("KVSP"). Plaintiff names the following KVSP staff as Defendants: Lieutenants R. Speidell and M. Stewart; Retired Warden M.D. Biter; Associate Warden C. Pfeifferer; Administrative Officers P. Vera and S. Rimbach; Captain R. Corely; Chief Disciplinary Officer T.S. Artlitz; Correctional Counselor II S. Tallerico; Correctional Officer M. Chambers; and outside contractor B. Andrews.

Plaintiff alleges that Defendants Speidell, Biter, Andrews, and Chambers retaliated against him in violation of the First Amendment when they processed an inmate appeal (IA) that Plaintiff filed for which he received a wrongful rules violation report (RVR) for lying. (Doc. 1, pp. 5-8.) Plaintiff alleges that Defendants Biter, Corley, Pfeifferer, Vera, Tallerico, and "all named Defendants in this complaint" conspired against him in their processing of his IAs. (*Id.*, pp. 8-10.) Plaintiff attempts to state a claim for defamation of character and a tort under federal law against Defendants Tallerico, Pfeifferer, Spiedell, Chambers, and Andrews for their handling of Plaintiff's IAs and RVRs against him. (*Id.*, pp. 10-14.) Plaintiff also alleges that Defendants Biter, Tallerico, Pfeifferer, Vera, Spiedell, and Rimbach violated his rights to equal protection, under the Americans with Disabilities Act ("ADA"), and under the Rehabilitation Act ("RA") when he was suicidal and placed in Administrative Segregation ("Ad Seg") rather than in a crisis bed. (*Id.*, pp. 14-19.) Finally, Plaintiff alleges that "the Defendants," "these Defendant Prison officials," and "prison officials named herein" violated his rights under the Eighth Amendment based on his conditions of confinement. (*Id.*, pp. 20-23.)

Plaintiff's allegations state a cognizable retaliation claim against Defendants Lt. Speidell, C/O Chambers, and Andrews upon which he may proceed. For the reasons discussed in detail

below, Plaintiff fails to state any other cognizable claims against the other named defendants. He is provided the applicable legal standards for his stated claims and an opportunity to file an amended complaint to attempt to cure the defects in his pleading.

### B. Legal Standards

#### 1. Retaliation

Plaintiff alleges that Defendants Speidell, Andrews, and Chambers retaliated against him in violation of the First Amendment when they processed an inmate appeal (IA) Plaintiff filed for which he received an RVR for lying. (Doc. 1, pp. 5-8.) Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for engaging in such conduct. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. *Id.* at 1114.

First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

It bears repeating that while Plaintiff need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at

7

678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, allegations that Plaintiff engaged in protected activity, without knowledge resulting in animus by a Defendant, is insufficient to show that Plaintiff's protected activity was the motivating factor behind a Defendant's actions.

In this claim, Plaintiff alleges that he filed an inmate appeal (IA) against an officer whom Plaintiff felt acted disrespectfully when the officer gave Plaintiff an RVR 115 for disobeying a direct order in his prison job. (Doc. 1, p. 5.) Plaintiff alleges that Lt. Speidell interviewed him his IA, and the very next day, Plaintiff received an RVR charging Plaintiff with a "direct felony" of providing false information during an official inquiry. (*Id.*, pp. 5-6.) Plaintiff alleges that this was an adverse action that placed him in a false light. (*Id.*, p. 6.) Plaintiff alleges that C/O Chambers and Andrews lied by stating they were both eyewitnesses to the entire incident and that Plaintiff lied in his IA. (*Id.*) Plaintiff alleges that the officer was not found culpable of unprofessional conduct or any violation of policy, and that Plaintiff was found guilty of providing false information. (*Id.*) Plaintiff challenged this finding and the RVR for providing false information during an official inquiry was ultimately dismissed. (*Id.*, pp. 6-7.) These facts state a cognizable retaliation claim against Defendants Lt. Speidell, C/O Chambers, and Andrews.

### 2. Conspiracy

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted).

Plaintiff alleges "all of the defendants named here in this complaint reviewed, classified, denied, confirmed some aspect of the issues pertaining to the constitutional deprivations alleged in this complaint in their own individual distinct fashion, and that all defendants at one point in time acted deliberately indifferent towards this Plaintiff's constitutional rights when they participated in the affirmative acts employed and when they chosed (sic) to turn a blind eye." (Doc. 1, p. 10.) Such legal conclusions are insufficient to state a cognizable conspiracy claim. *Iqbal*, 556 U.S. at 678.

### 3. Inmate Appeals

Plaintiff also alleges that Defendants Corley, Pfiefferer, Vera, and Tallerico violated his rights in their handling and processing of his IAs. (Doc. 1, p. 9.)

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. Thus, Plaintiff fails to state a cognizable claim against Defendants Corley, Pfiefferer, Vera, and Tallerico for their handling and processing of his IAs.

### 4. *Heck* Bar

On page 9, Plaintiff states "I was found guilty of a felony without court action, not I repeat (**not**) a CCR#15, rule infraction which is **[synonymous to a felony]**." (Doc. 1, p. 9 (emphasis in

original).)  The United States Supreme Court has determined that an inmate may not bring an action under § 1983 if its success would release the claimant from confinement or shorten its duration, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973), or would necessarily imply the invalidity of the conviction or sentence, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Where the plaintiff's success on a § 1983 action would necessarily imply the invalidity of his underlying conviction or sentence, he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck* at 487-88.  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Thus, Plaintiff cannot state a cognizable claim under § 1983 based on any felony conviction without first showing that it has been favorably terminated.

### 5. Tort Claims

#### a. The California Government Claims Act

Under the California Government Claims Act ("CGCA"),[1] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so has expired.  "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776, 39 Cal.Rptr.2d 860 (1995).  The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455, 115 Cal.Rptr. 797, 525 P.2d 701 (1974)

---

[1] The Government Claims Act was formerly known as the California Tort Claims Act.  *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

(citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id.* at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (fn. omitted).

Federal courts likewise require compliance with the CGCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

Plaintiff fails to state any allegations which show he complied with the CGCA to be allowed to pursue claims for defamation of character under California law in this action. Further, Plaintiff alleges violation of sections 3278 of Title 15 of the California Code of Regulations. The existence of regulations such as these governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations, for criminal prosecution, or to sue for damages based on their violation. Although Plaintiff repeatedly and unnecessarily cites legal authority for all of his other claims, he provides no authority to support a finding that there is an implied private right of action under Title 15, and the Court finds none. Given that the statutory language does not support an inference that there is a private right of action, the Court finds that Plaintiff is unable to state any cognizable claims upon which relief may be granted based on the violation of Title 15 regulations.

### b. Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") provides federal tort liability based on actions of officers or employees of any federal agency. 28 U.S.C. § 2671, *et seq*. Like the CGCA,

11

administrative exhaustion is a required element of a claim under the FTCA. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint." (internal citation omitted)). This is a jurisdictional prerequisite to pursuing a tort claim against federal employees in a district court. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000), cert. denied, 531 U.S. 1037, 121 S.Ct. 627 (2000) (stating that a claimant under the Federal Tort Claims Act must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Brady*, 211 F.3d at 502, quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir.1992).

Plaintiff fails to state any allegations to show administrative exhaustion of any claims he desires to pursue under the FTCA. In any event, since Plaintiff is asserting claims against state, and not federal government employees in this action, he cannot state any cognizable claims under the FTCA.

### 6. Equal Protection

Plaintiff also alleges that he is a "class of one" and that Defendants Biter, Tallerico, Pfeifferer, Vera, Spiedell, and Rimbach violated his rights to equal protection when he was suicidal and placed in Administrative Segregation ("Ad Seg") rather than a crisis bed. (*Id.*, pp. 14-19.) The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439(1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, such as race, religion, or sexual orientation. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los*

*Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), *see also Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *Sea River Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must still allege that he is a member of an identifiable class and that he was intentionally treated differently from others similarly situated, and there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564. To establish a violation of the Equal Protection Clause, the prisoner must also present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano*, 345 F.3d at 1081-82; *Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997).

Here, Plaintiff does not state a cognizable Equal Protection claim. He fails to state any allegations to show his membership in a protected class; that he was intentionally treated differently from others similarly situated; or any discriminatory intent on the part of the named Defendants. Plaintiff also states he was placed in Ad-Seg instead of a crisis bed because there was no room for him on suicide watch in a crisis bed. (Doc. 1, 15:23-25.) Unavailability of room for Plaintiff on suicide watch in a crisis bed is a rational basis for Ad-Seg placement.

### 7. ADA & RA

Plaintiff also alleges that Defendants Biter, Tallerico, Pfeifferer, Vera, Spiedell, and Rimbach violated his rights under the Americans with Disabilities Act ("ADA"), and under the Rehabilitation Act ("RA") when he was suicidal and placed in Administrative Segregation ("Ad Seg") rather than a crisis bed. (*Id.*, pp. 14-19.)

Title II of the ADA and section 504 of the RA prohibit discrimination on the basis of disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). This applies to the services, programs, and activities provided for inmates by jails and prisons. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021 (9th Cir. 2010); *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff's complaint does not set forth any facts to support a claim that he was excluded from or discriminated against with regard to services, programs, or activities at KVSP by reason of a disability. To the contrary, the incidents giving rise to this lawsuit appear related to the medical care Plaintiff was provided, when he requested placement in a crisis bed for suicide watch, but none was available and was instead placed in Ad-Seg. The treatment, or lack thereof, concerning a medical condition does not provide a basis upon which to impose liability under the ADA. *Simmons*, 609 F.3d at 1022 (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)). The Court also notes that individual capacity suits against individual prison employees in their personal capacities are precluded under the ADA. *E.g.*, *Heinke v. Cnty. of Tehama Sheriff's Dept.*, No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); *White v. Smyers*, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at *6 (E.D. Cal. Dec. 13, 2012); *Mosier v. California Dep't of Corr. & Rehab.*, No. 1:11-CV-01034-MJS (PC), 2012 WL 2577524, at *8 (E.D. Cal. Jul. 3, 2012); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). Although injunctive action against state officials in their official capacities is not precluded, *see Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003),

as discussed below, any such claim was rendered moot when Plaintiff was transferred to CSP-Cor.

### 8. Conditions of Confinement

Plaintiff alleges that "the Defendants," "these Defendant Prison officials," and "prison officials named herein" violated his rights under the Eighth Amendment based on his conditions of confinement. (Doc. 1, pp. 20-23.) The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . . " *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Plaintiff's allegations under this claim appear related to his placement when he felt suicidal and when his medication "stopped working multiple times behind relapsing from all the mental anguish, depression, paranoia, voices, and bipolar disorder that is constantly unstable due to the adverse treatment I have been receiving." (Doc. 1, p. 20.) For screening purposes, suicidal feelings are sufficiently serious to meet the objective prong. However, Plaintiff's allegations fail to meet the subjective prong. Specifically, Plaintiff fails to show any knowledge by any of the defendants that he was suicidal -- which they ignored, or to which they were otherwise indifferent. Plaintiff generally states that the actions by "these defendant(s) prison officials" subjectively show "evil intent, actual malice, deliberate indifference & criminal conduct with a

culpable state of mind, they knew (or ) should have known of a substantial risk of serious harm (or) danger and **[failed]** to stop, and failed to **[prevent]**, they disregarded the risk of harm to my health & safety from myself willing to comit (sic) suicide, assault others, be assaulted by others, and the harm/pain that they consistently caused." (Doc. 1, p. 21 (emphasis in original).) Plaintiff also states that his "Eighth Amendment rights to be free from cruel & unusual punishment was (violated) when prison officials named herein, this complaint as defendants, (failed to protect me, and failed to provide a reasonable expectation of safety, from retaliation, threats, punitive treatment discrimination, defamation, actual malice, evil intent, malicious injury(s).). " (*Id.*, p. 23.) However, such statements are mere legal conclusions which do not suffice to state a plausible claim. *Iqbal*, 556 U.S. at 678. Even if Plaintiff had set forth specific factual allegations sufficient to state a cognizable claim, he would be unable to pursue this claim due to his failure to sufficiently link any of his allegations in this claim to individual defendants. *Lemire*, 726 F.3d at 1074-75; *Starr*, 652 F.3d at 1205-08.

### 9.    **Supervisory Liability**

It appears that Plaintiff named Ret. Warden Biter a defendant based simply on his supervisory position.

Generally, supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* -- when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under this theory, Plaintiff must allege some facts that would support a claim that supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

"[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)(internal quotation marks omitted)(abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir.2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

However, a plaintiff may "state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr,* 652 F.3d at 1207. This may be shown where the supervisor was aware of a violation and failed to take corrective action, thereby allowing the violation of Plaintiff's rights to occur. To be liable in a supervisorial capacity, Plaintiff must first state cognizable claims against Ret. Ward. Biter's subordinates. Although Plaintiff has stated one cognizable claim, he fails to state any allegations to show that Ret. Ward. Biter was aware of such activities which he failed to correct and which resulted in a violation of Plaintiff's rights – as he is required to do.

### 10. Declaratory & Injunctive Relief

Plaintiff also seeks declaratory and injunctive relief. Because Plaintiff's claims for damages necessarily entail a determination whether his rights were violated, his separate request

for declaratory relief is subsumed by those claims. *Rhodes*, 408 F.3d at 565-66 n.8. Therefore, Plaintiff may not pursue declaratory relief in this action.

As to Plaintiff's injunctive relief request, federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493-94, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493 (citation and quotation marks omitted); *Mayfield*, 599 F.3d at 969. Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

The pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's mail issues. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969. The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Id.*

The claims Plaintiff alleges in this action arise from events which occurred at KVSP, and Plaintiff is currently housed at CSP-Cor. Accordingly, Plaintiff lacks standing to seek relief directed at his current conditions of confinement at KVSP. Further his requests for injunctive

18

relief to remedy his conditions of confinement at KVSP were rendered moot on his transfer to CSP-Cor. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Thus, Plaintiff lacks standing to assert a claim for injunctive relief and his request is moot.

**ORDER**

Plaintiff is given the choice to file a first amended complaint, or to proceed on the retaliation claim found cognizable against Defendants Lt. Speidell, C/O Chambers, and Andrews.

Plaintiff must either notify the Court of his decision to proceed on this cognizable claim, or file a first amended complaint within **thirty (30) days**. Any such first amended complaint **shall not exceed twenty-five (25) double-spaced pages in length**. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **thirty (30) days** from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further reminded that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29,

2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. file a first amended complaint curing the deficiencies identified by the Court in this order, or
    b. notify the Court in writing that she does not wish to file a first amended complaint and wishes to proceed only on his retaliation claim against Defendants Lt. Speidell, C/O Chambers, and Andrews identified by the Court as viable/cognizable in this order; and
4. **If Plaintiff fails to comply with this order, it will be recommended that this action proceed only on the claim found cognizable herein and that all other claims and Defendants be dismissed with prejudice**.

IT IS SO ORDERED.

Dated: **May 15, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE