# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>            Plaintiff,<br><br>      v.<br><br>SPEIDELL, et al.,<br><br>            Defendants. | Case No. 1:16-cv-01335-DAD-SKO (PC)<br><br>**ORDER FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT, OR NOTIFY COURT OF DESIRE TO PROCEED ONLY ON RETALIAITON CLAIM AGAINST SPEIDELL, CHAMBERS, AND ANDREWS**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## INTRODUCTION

### A.      Background

Plaintiff, Charles B. Jones, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

### B.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557. As discussed below under each of Plaintiff's delineated claims, the majority of Plaintiff's allegations need not be accepted as true as

they are little more than legal conclusions. *Id.*

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013). If he chooses to file a second amended complaint, Plaintiff should endeavor to make it as concise as possible in **no more than twenty-five (25) double-spaced pages**. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis. If Plaintiff files a second amended complaint, his factual allegations will be screened under the legal standards and authorities stated in this order.

### 2.   Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere

conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Generic identifiers, without surname specificity, do not suffice to place a defendant on notice of a plaintiff's claims so as to prepare a defense. *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Further, although Plaintiff names Artlitz and Stewart as defendants, he fails to link either of them to any of his factual allegations. Plaintiff's allegations must demonstrate that each individual defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires alleging facts sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

### 3.    Federal Rule of Civil Procedure 18(a) & 20(a)(2)

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, as many claims as the party has against an opposing party. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a)

1  will the Court review the additional claims to determine if they may be joined under Rule 18(a),

2  which permits the joinder of multiple claims against the same party.

3      The Court must be able to discern a relationship between Plaintiff's claims or there must

4  be a similarity of parties.  Here, any such relationship is unclear because of Plaintiff's failure to

5  properly link individual named defendants to Claims #5 and #6 and his prolific use of legal

6  citations and conclusions instead of factual allegations.

7      The fact that all of Plaintiff's allegations are based on the same type of constitutional

8  violation (i.e. retaliation by different actors on different dates, under different factual events) does

9  not necessarily make claims related for purposes of Rule 18(a).  All claims that do not comply

10  with Rules 18(a) and 20(a)(2) are subject to dismissal.  Plaintiff is cautioned that if he fails to

11  elect which category of claims to pursue and his amended complaint sets forth improperly joined

12  claims, the Court will determine which claims should proceed and which claims will be

13  dismissed.  *Visendi v. Bank of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013).  Whether any

14  claims will be subject to severance by future order will depend on the viability of claims pled if

15  Plaintiff decides to file a second amended complaint.

16                              **DISCUSSION**

17      **A.    Plaintiff's Allegations**

18      Plaintiff is currently incarcerated at California State Prison in Corcoran, California ("CSP-

19  Cor), but contends that his rights were violated while he was housed at Kern Valley State Prison

20  ("KVSP").  Plaintiff names the following KVSP staff as Defendants:  Lieutenants R. Speidell and

21  M. Stewart; Retired Warden M.D. Biter; Associate Warden C. Pfeiffer; Administrative Officers

22  P. Vera and S. Rimbach; Captain R. Corely; Chief Disciplinary Officer T.S. Artlitz; Correctional

23  Counselor II S. Tallerico; Correctional Officer M. Chambers; and outside contractor B. Andrews.

24      Plaintiff alleges that Andrews, Artlitz, Biter, Chambers, Corley, Pfeiffer, Rimbach,

25  Speidell, Stewart, and Tallerico retaliated against him in violation of the First Amendment when

26  Plaintiff filed an inmate appeal, and was charged with a rules violation report ("RVR") for lying

27  with which these defendants were involved in processing.  Plaintiff alleges that Andrews, Artlitz,

28  Chambers, Corley, Rimbach, Speidell, Stewart, Tallerico, and Vera conspired against him in the

processing of that RVR.  Finally, Plaintiff alleges that Andrews, Artlitz , Biter, Chambers, Corely, Pfeiffer, Rimbach, Stewart, Speidell, Tallerico, and Vera violated his rights by subjecting him to unconstitutional conditions of confinement under the Eighth Amendment.  Plaintiff's allegations only state a cognizable retaliation claim against Defendant Lt. Speidell upon which he may proceed.  For the reasons discussed in detail below, Plaintiff fails to state any other cognizable claims against the other named defendants.  Plaintiff is provided the applicable legal standards for his stated claims and **<u>one last opportunity</u>** to file an amended complaint in the event he feels able to cure the defects in his pleading without fabrication.

**B.    Legal Standards**

**1.    Retaliation**

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so.  *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009).  A retaliation claim has five elements.  *Id.* at 1114.

First, plaintiff must allege that the retaliated-against conduct is protected.  *Id.*  The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  Second, plaintiff must show the defendant took adverse action against the plaintiff.  *Rhodes*, at 567.  Third, plaintiff must allege a causal connection between the adverse action and the protected conduct.  *Waitson*, 668 F.3d at 1114. Fourth, plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities."  *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted).  "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11.  Fifth, plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ."  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

As set forth above, while Plaintiff need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, mere allegations that Plaintiff engaged in protected activity, without knowledge resulting in animus by a Defendant, is insufficient to show that Plaintiff's protected activity was the motivating factor behind a Defendant's actions.

### a. Defendant Speidell

In his retaliation claim, Plaintiff alleges that, on December 13, 2013, he was working his assigned job as a janitor and received a rules violation report 115 ("RVR") for disobeying a direct order. (Doc. 15, p. 5.) That same day, Plaintiff filed an inmate appeal ("IA") alleging misconduct by the officer who gave him the RVR. (*Id.*) On January 6, 2014, Speidell interviewed Plaintiff regarding his IA. (*Id.*) The following day, Plaintiff received a new RVR ("Speidell's RVR") charging him with a felony for providing false information during an official inquiry. (*Id.*) Speidell charged Plaintiff with providing false information during the interview regarding his IA. (*Id.*) Plaintiff alleges this was in retaliation for his IA. (*Id.* pp. 5-6) Plaintiff alleges he was administratively convicted under Speidell's RVR without court action. (*Id.*, p. 6.)[1] This states a cognizable claim against Speidell.

### b. Defendants Chambers and Andrews

Plaintiff alleges that Chambers and Andrews "fabricated statements in an attempt to create a scenario, that (sic) never happened too (sic) dispute this Plaintiff's allegations." (Doc. 15, p. 7.) This is Plaintiff's only allegations against Chambers and Andrews under his retaliation claim. Plaintiff does not state what the fabricated statements by Chambers and Andrews were used for, or how these actions were motivated by retaliatory animus. Plaintiff thus fails to state a cognizable retaliation claim against Chambers or Andrews.

/ / /

---

[1] Plaintiff states that this action is not barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), or *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997) as the RVR was dismissed and all penalties against him were reversed. (*Id.*, p. 6.)

### c.  Defendant Stewart

Plaintiff alleges that Stewart reviewed all of the reports and saw the contradictions, but intentionally ignored the exculpatory evidence.  (Doc. 15, p. 8.)  Despite evidence to the contrary, Stewart found Plaintiff guilty under Speidell's RVR.  (*Id.*)  This does not state a cognizable retaliation claim as Plaintiff fails to state any allegations to show that Stewart knew of Plaintiff's protected conduct which was a motivating animus for his finding against Plaintiff.

### d.  Defendant Corely

Plaintiff alleges that Corely classified Speidell's RVR "as a Division (B)" and reviewed the guilty finding, with all the supporting documentation.  (Doc. 15, p. 8.)  Plaintiff alleges that he submitted a "22 Form" seeking the dismissal of Speidell's RVR as unconstitutional and illegal.  (*Id.*)  In response, Corley stated that Speidell's RVR was legal and that Plaintiff was just arguing semantics.  (*Id.*)  This does not state a cognizable retaliation claim against Corley.  Plaintiff's allegations fail to show that Corley knew of Plaintiff's protected activities, or that Corley had the authority to overturn Stewart's ruling on Speidell's RVR and did not do so out of retaliatory animus.

### e.  Defendant Rimbach

Plaintiff alleges that Rimbach reviewed Speidell's RVR and processed it to be heard by Stewart.  (Doc. 15, p. 8.)  Rimbach's signature was required for Speidell's RVR to be processed against Plaintiff.  (*Id.*)  These are Plaintiff's only allegations against Rimbach in his retaliation claim.  They do not state a cognizable claim as they fail to show that Rimbach's was aware of Plaintiff's protected activity and that his approval of the processing of Speidell's RVR against Plaintiff was motivated by retaliatory animus.

### f.  Defendant Artlitz

Plaintiff alleges that Artlitz affirmed the guilty finding against him under Speidell's RVR.  (Doc. 15, p. 8.)  Plaintiff further alleges that, on reviewing the finding against Plaintiff on Speidell's RVR, Artlitz had a copy of the RVR Plaintiff received from the incident in his prison job, which firmly contradicted Speidell's RVR.  (*Id.*)  This does not state a cognizable retaliation claim as Plaintiff fails to state any allegations to show that Artlitz knew of Plaintiff's protected

conduct which was a motivating animus for affirming the finding against Plaintiff.

### g.    Defendant Tallerico

Plaintiff alleges that Tallerico reviewed "the disciplinary appeal at the second level" and that he interviewed Plaintiff. (Doc. 15, p. 8.) Plaintiff showed Tallerico "the contradictions" and the basis for Plaintiff's belief that he had suffered retaliation. (*Id.*) Tallerico simply laughed and said the guilty finding was appropriate and was based on a preponderance of the evidence. (*Id.*) Plaintiff alleges that Tallerico was legally required to have Speidell's RVR reissued, reheard, and dismissed in the interest of justice. (*Id.*) This does not state a cognizable retaliation claim-- Plaintiff fails to state any allegations to show that Defendant Tallerico knew of Plaintiff's protected conduct which was a motivating animus for failing to have Speidell's RVR reissued, reheard, and dismissed.

### h.    Defendant Vera

Plaintiff alleges that Vera adopted Tallerico's finding against Plaintiff despite the contradictions and evidence in Plaintiff's favor. (Doc. 15, p. 9.) Plaintiff alleges that Vera "turned a blind eye" to his situation and condoned the retaliatory acts of others. (*Id.*) This does not state a cognizable retaliation claim. Plaintiff fails to state any allegations to show that Vera knew of Plaintiff's protected conduct which was a motivating animus for Vera's adopting Tallerico's finding against Plaintiff.

### i.    Defendant Biter

Plaintiff alleges he placed Biter on notice of the above wrongful acts via a 22 Form on which Plaintiff typed "42 U.S.C. § 1983, deliberate indifference notification" in the top right corner. (Doc. 15, p. 9.) Plaintiff alleges he informed Biter of the reckless conduct of his officers and requested that corrective actions be taken and that Biter control his subordinates. (*Id.*) Plaintiff alleges that Biter and "some of the other Defendants continued to engage in discrete acts." (*Id.*) These allegations fail to show that Plaintiff's 22 Form contained any information which placed Biter on notice of the acts that Plaintiff alleges were retaliatory. Plaintiff fails to explain what, if anything, about a "deliberate indifference notification" on the 22 Form should have alerted Biter to the events which Plaintiff contends were retaliatory. While the words

"deliberate indifference" are legally significant, they are the standard for claims under the Eighth Amendment--whereas retaliation is raised under the First Amendment. Thus, the use of "deliberate indifference" on a 22 Form, or any other form, cannot be construed under any circumstances as notice that violation of Plaintiff's First Amendment rights are occurring. Further, Plaintiff's allegations that Biter and "some of the other Defendants continued to engage in discrete acts" are too general and conclusory to state a cognizable claim. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Plaintiff also allegedly made Biter aware of the offending acts by his subordinates when Plaintiff filed an internal affairs complaint on March 16, 2014, as well as three staff complaints. (*Id.*) Biter allegedly refused to investigate and take steps to terminate the unconstitutional acts of his subordinates. (*Id.*) However, Plaintiff does not state any facts alleged in the internal affairs complaint or his three other complaints to show that Biter knew of the violations and failed to act to prevent them. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, as previously discussed, the majority of Plaintiff's retaliation allegations do not amount to cognizable claims against Biter's subordinates to require correction by Biter. Plaintiff thus fails to state a cognizable retaliation claim against Biter.

### j.     Defendant Pfeiffer

Plaintiff alleges that he twice placed Pfeiffer on notice of the above wrongful acts via 22 Forms on which Plaintiff typed "42 U.S.C. § 1983, deliberate indifference notification" in the top right corner. (Doc. 15, p. 9.) As discussed above, the use of the words "deliberate indifference" may provide notice for claims under the Eighth Amendment, but cannot provide notice for claims under the First Amendment. Further, Plaintiff states that the 22 Forms which he claims placed Pfeiffer on notice were dated after the events of which he complains -- April 2, 2014 and April 23, 2014. Plaintiff does not state any allegations to explain how filing a 22 Form subsequent to an event can be construed as notice. Plaintiff thus fails to state a cognizable retaliation claim against Pfeiffer.

/ / /

/ /

### 2. Conspiracy

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A claim for violation of section 1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation omitted). A mere allegation of conspiracy is insufficient to state a claim. *Id.* at 676-77. A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted).

Plaintiff alleges that Spiedell, Andrews, and Chambers conspired to fabricate untrue statements that were used in Speidell's RVR against him. (Doc. 15, p. 10.) Stewart, Corley, Rimbach, Artlitz, Tallerico, and Vera allegedly conspired to ignore mandated rules and regulations when they ruled against Plaintiff on Speidell's RVR and added false language to the penal statute under which Plaintiff was charged. (*Id.*, p. 11.) Plaintiff alleges that, although in his grievance about Speidell's RVR, he requested that he not be subjected to retaliatory cell searches, harassment, frivolous RVR 115s, and any other reprisals, "they all did all of that." (*Id.*, p. 12.) Plaintiff alleges that he is a black, African-American in the mental health system and that after his grievance was submitted, "these named defendants herein, in this second cause of action, . . . committed the unconstitutional [**act**] of retaliation in furtherance of this conspiracy with a culpable, state of mind in wreckless (sic) disregard for clearly established federal law." (*Id.*, p. 13 (emphasis in original).)

Any conspiracy claim Plaintiff may have intended to allege is not cognizable as he does little more than suggest that the defendants conspired together. Bare allegations that all defendants conspired to harass and/or retaliate against Plaintiff are conclusory at best. *See Iqbal,*

556 U.S. at 678.  Plaintiff also fails to show any racial or class-based invidiously discriminatory animus as a motivating factor for acts by any of the defendants.

### 3.    Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).  To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  *Farmer* at 834.  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety."  *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

The Court is unable to discern a sufficiently serious deprivation from Plaintiff's allegations to meet the objective prong for a conditions of confinement claim under the Eighth Amendment.  Plaintiff alleges five incidents upon which this claim is premised.  However, they are based on general legal conclusions, rather than specific factual allegations, which is insufficient to state a cognizable claim.  *Iqbal*, 556 U.S. at 678.

First, Plaintiff alleges that on January 7, 2014, Speidell, Andrews, Chambers, Stewart, Corely, Rimbach, Artlitz, Tallerico, Vera, Biter, and Pfeiffer "illegally conspired to subject this plaintiff to inhumane methods of punishment of retaliation because this Plaintiff filed a staff complaint against one of their own brethren who they have a union-fide duty to be loyal to and protect.  Their unlawful actions resulted in injuries of the unnecessary and wanton infliction of pain due to emotional distress and a mental deterioration which led this plaintiff into an unsafe state of mind which was caused by depression anger, fits of mania, tolerance to antitypical

phscotics (sic) was ineffective due to being in a constant fear and/or heightened anxiety leading to suicide tendencies homicidal tendencies, etc…." (Doc. 15, p. 14.)  These allegations are insufficient to show either an objective deprivation of adequate shelter, food, clothing, sanitation, medical care, and personal safety, or that any of the Defendants listed at the start of this paragraph knew of and disregarded an excessive risk to Plaintiff's health or safety.

Plaintiff also alleges he was subjected to unconstitutional conditions of confinement when, on December 4, 2014, Biter, Tallerico, and Pfeiffer fabricated statements in "a UCC hearing" imposing an RVR[2] against Plaintiff for threatening public officials which resulted in his placement in the secured housing unit for several months, loss of 150 days good time credit, loss of conjugal visits for up to a year, imposition of six adverse classification points, and "close a custody." (Doc. 15, pp. 14-15.)  None of these allegations, alone or in combination, show either an objective deprivation of adequate shelter, food, clothing, sanitation, medical care, and personal safety, or that any of the Defendants listed at the start of this paragraph knew of and disregarded an excessive risk to Plaintiff's health or safety.

Plaintiff alleges that on July 28, 2016, his television was destroyed, his typewriter was confiscated, and he was found guilty of possessing a cell phone.  (Doc. 15, p. 15.)  He filed a grievance and claimed these actions were retaliatory.  (Id.)  Plaintiff was apparently charged with an RVR which was reviewed by Speidell; Plaintiff was found guilty.  (Id.)  At the hearing, when Plaintiff told Speidell it was retaliatory, Speidell allegedly responded, "Go ahead and knock yourself out with the litigation." (Id.)  Speidell then imposed a program change to Group C which is non-credit earning status and prohibited Plaintiff from dayroom programs, receipt of quarterly packages, making canteen purchases, phone access, education, vocational programs. Pfeiffer affirmed Speidell's actions.  (Id.)  Plaintiff appealed this action and got it overturned. (Id., p. 16.)  While there is no doubt Plaintiff would have preferred to have to all of these things, his inability to access these programs, singularly or in combination, does not amount to a deprivation of a basic need to state a cognizable condition of confinement claim.

/ / /

---

[2] This was apparently the same RVR that supports his earlier allegations under his retaliation claims.

Plaintiff alleges that on December 4, 2014, Biter fabricated statements, which were affirmed by Tallerico and Pfeiffer, charging Plaintiff with a RVR[3] for threats against a public official.  (Doc. 15, p. 17.)  Plaintiff states that he filed a writ of habeas corpus against these Defendants four months earlier and at the time of the UCC hearing, they knew Plaintiff was a qualified individual in the mental health program who was acting "unusual, bizarre, and uncharacteristic[ally]" during their discussion.  (*Id.*)  Plaintiff states that he should have been released from the mental health crisis bed in Administrative Segregation, but was left there out of deliberate indifference.  (*Id.*)  These statements do not show a basis for finding that these Defendants left Plaintiff in a mental health crisis bed out of deliberate indifference to a known risk to Plaintiff's safety.  To the contrary, one might be in need of mental health care if they are exhibiting unusual, bizarre, and uncharacteristic behavior.  Nothing in these allegations states a cognizable conditions of confinement claim.

Finally, Plaintiff alleges that on August 29, 2016, Speidell engaged "in an ongoing violation of retaliation, imposed an inhumane method of punishment that stripped this plaintiff of his reasonable expectation of safety he was mandated to provide, by imposing an illegal privilege group change that he knew he could not legally impose, and after this plaintiff stated on record during the hearing that it was retaliation and he still chose to disregard and act deliberately indifferent with evil intent, impose an inhumane punishment in violation of the U.S. 8th Amend."  (Doc. 15, p. 18.)  These conclusory allegations are, at best, simply consistent with liability, but fall short of satisfying the necessary plausibility standard to state a cognizable claim.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

## **ORDER**

Plaintiff is given the choice to amend his allegations **<u>one last time</u>** by filing a second amended complaint, or to proceed on the retaliation claim found cognizable in this order against Defendant Lt. Speidell.

Plaintiff must either notify the Court of his decision to proceed on this cognizable claim, or file a second amended complaint within **<u>twenty-one (21) days</u>**.  Any such second amended

---

[3] This was apparently the same RVR that supports Plaintiff's earlier allegations under his retaliation claims.

complaint **shall not exceed twenty-five (25) double-spaced pages in length**, exclusive of exhibits.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **twenty-one (21) days** from the date of service of this order.

Plaintiff must demonstrate in any second amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A second amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further reminded that an amended complaint supercedes all prior versions, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading,"  Local Rule 220.

The Court provides Plaintiff with **one final opportunity** to amend to cure the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

/ / /

/ /

15

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must either:

   a. file a second amended complaint curing the deficiencies identified by the Court in this order, or

   b. notify the Court in writing that he does not wish to file a second amended complaint and wishes to proceed only on his retaliation claim against Defendant Lt. Speidell  identified by the Court as viable/cognizable in this order; and

4. **If Plaintiff fails to comply with this order, it will be recommended that this action proceed only on the claim found cognizable herein and that all other claims and Defendants be dismissed with prejudice**.

IT IS SO ORDERED.

Dated:   **November 15, 2017**　　　　　　/s/ *Sheila K. Oberto*

　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE