UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>R. SPEIDELL, et al.,<br><br>        Defendants. | No. 1:16-cv-01335-DAD-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION SEEKING DE NOVO REVIEW OF MAGISTRATE JUDGE'S ORDER<br><br>(Doc. No. 23) |

      Plaintiff Charles B. Jones is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On January 30, 2018, the then-assigned magistrate judge issued an order reassigning this case to the docket of Magistrate Judge Jennifer L. Thurston for all further proceedings. (Doc. No. 22.) On March 5, 2018, plaintiff filed the instant motion, seeking reversal of that reassignment order and requesting that the case be reassigned back to Magistrate Judge Sheila K. Oberto. (Doc. No. 23.)

      The court construes plaintiff's motion as a motion to modify or set aside a magistrate judge's non-dispositive order pursuant to Federal Rule of Civil Procedure 72(a). The court reviews such motions under the "clearly erroneous or contrary to law" standard set forth in 28

1

| | |
|---|---|
| 1 | U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).  As such, the court may only set aside those |
| 2 | portions of a magistrate judge's order that are either clearly erroneous or contrary to law.  Fed. R. |
| 3 | Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. |
| 4 | 1991) (non-dispositive pretrial orders are reviewed for clear error under Rule 72(a)). |
| 5 | Under Rule 72, objections to a magistrate judge's non-dispositive order must be filed |
| 6 | within 14 days after service of the order on the objecting party.  Fed. R. Civ. P. 72(a).  The most |
| 7 | recent order in this action was issued by the then-assigned magistrate judge on January 30, 2018. |
| 8 | (Doc. No. 22.)  Thus, in order to be timely, plaintiff was required to file his motion on or before |
| 9 | February 13, 2018.  Plaintiff's motion indicates a filing date of February 28, 2018 under the |
| 10 | prison mailbox rule.[1]  (Doc. No. 23.)  Plaintiff's motion is therefore untimely.  Moreover, even |
| 11 | were the court to consider plaintiff's motion on its merits, the magistrate judge's order is |
| 12 | obviously not "clearly erroneous or contrary to law." |
| 13 | Accordingly, plaintiff's motion (Doc. No. 23) is denied. |
| 14 | IT IS SO ORDERED. |
| 15 | Dated:  **March 19, 2018** |
| 16 | UNITED STATES DISTRICT JUDGE |

---

[1] Under the prison mailbox rule, a motion is deemed filed at the time the motion is delivered to prison authorities for forwarding to the court clerk.  *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)).