# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>SPEIDELL, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01335-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF PROCEED ONLY ON RETALIATION CLAIMS AGAINST R. SPEIDELL AND M. STEWART and THAT S. RIMBACH, R. CORELY, T.S. ARTLITZ, M. CHAMBERS, B. ANDREWS, M.D. BITER, P. VERA, S. TALLERICO, AND C. PFIEFFER AND ALL CLAIMS AGAINST THEM BE DISMISSED**<br><br>**(Doc. 21)**<br><br>**TWENTY-ONE DAY DEADLINE** |

## **INTRODUCTION**

**A.    Background**

    Plaintiff has stated cognizable claims for retaliation against R. Speidell and M. Stewart upon which he should be allowed to proceed. However, all other claims and Defendants S. Rimbach, R. Corely, T.S. Artlitz, M. Chambers, B. Andrews, M.D. Biter, P. Vera, S. Tallerico, and C. Pfeiffer should be dismissed.

**B.    Screening Requirement and Standard**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. The Court accepts factual allegations as true

but ignores legal conclusions. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557. As discussed below, the majority of Plaintiff's allegations are little more than legal conclusions. *Id.*

Though "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012)

(citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Generic identifiers, without surname specificity, do not suffice to place any defendant on notice of a plaintiff's claims so as to prepare a defense. *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Plaintiff's allegations must demonstrate that each individual defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

## DISCUSSION

### A.  Plaintiff's Allegations

Plaintiff is currently incarcerated at California State Prison in Corcoran, California ("CSP-Cor), but contends that his rights were violated while he was housed at Kern Valley State Prison ("KVSP"). Plaintiff names the following KVSP staff as Defendants: Correctional Lieutenants R. Speidell and M. Stewart; Retired Warden M.D. Biter; Newly Appointed Warden C. Pfeiffer; Correctional Officials P. Vera, S. Rimbach, M. Chambers, and S. Tallerico; Correctional Captain R. Corely; Retired Chief Disciplinary Officer T.S. Artlitz; and Free Staff Cook/Janitor Supervisor B. Andrews.

Plaintiff alleges that Andrews, Artlitz, Biter, Chambers, Corley, Pfeiffer, Rimbach, Speidell, Stewart, Tallerico and Vera retaliated against him in violation of the First Amendment when Plaintiff filed an inmate appeal and was charged with a rules violation report ("RVR") for lying, the latter of which these defendants were involved in processing. Plaintiff alleges that

Andrews, Chambers, and Speidell conspired against him in their processing of that RVR. Finally, Plaintiff alleges that Andrews, Artlitz , Biter, Chambers, Corely, Pfeiffer, Rimbach, Stewart, Speidell, Tallerico, and Vera violated his rights by subjecting him to unconstitutional conditions of confinement under the Eighth Amendment. Plaintiff's allegations only state cognizable retaliation claims against Defendant Lieutenants Speidell and Stewart upon which he may proceed. For the reasons discussed in detail below, Plaintiff fails to state any other cognizable claims against the other named defendants. The Court has provided Plaintiff the applicable legal standards for his stated claims on multiple occasions and warned him in the last screening order that he had just one further opportunity to file an amended complaint to cure the defects in his pleading. He has not done so. Thus, the Court recommends the matter proceed only on Plaintiff's retaliation claims against Speidell and Stewart.

**B.     Legal Standards**

**1.     Retaliation**

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. *Id.* at 1114.

First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at

1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11.  Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

It bears repeating that while Plaintiff need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, mere allegations that Plaintiff engaged in protected activity, without knowledge resulting in animus by a Defendant, is insufficient to show that Plaintiff's protected activity was the motivating factor behind a Defendant's actions.

In this claim, Plaintiff alleges that, on December 13, 2013, he was working his assigned job as a janitor and received a rules violation report 115 for disobeying a direct order. (Doc. 21, p. 4.) That same day, Plaintiff filed a 602 staff complaint alleging misconduct by the officer who gave Plaintiff the RVR. (*Id.*) On January 6, 2014, Speidell interviewed Plaintiff regarding his 602. (*Id.*) The very next day, Plaintiff received a new RVR ("Speidell's RVR") which charged Plaintiff with the felony of providing false information during an official inquiry (Cal. Penal Code § 134) by providing false information during the interview on his 602. (*Id.*) Plaintiff alleges this was retaliatory for his 602. (*Id.*) Plaintiff alleges that he was administratively convicted under Speidell's RVR without court action. (*Id.*, p. 5.)[1] This states a cognizable claim against Speidell.

Plaintiff alleges that Chambers and Andrews "fabricated statements in an attempt to create a scenario, that (sic) never happened too (sic) dispute this Plaintiff's allegations." (*Id.*, p. 6.) Plaintiff states Chambers stated: "I was there and seen (sic) the entire incident, Jones (sic) became so belligerent I personally had to place him in handcuffs and remove him from the area." (*Id.*) He states Andrews stated: "I escorted Inmate Jones to C/O Faulkner, and stood there the whole time and never heard Officer Faulkner use profanity etc." (*Id.*, pp. 6-7.) Plaintiff does not state how these actions were motivated by retaliatory animus. Plaintiff thus fails to state a cognizable

---

[1] Plaintiff states that this action is not barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), or *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997) as the RVR was dismissed and all penalties against him were reversed. (*Id.*, p. 5.)

6

retaliation claim against Chambers or Andrews.

Plaintiff alleges that Stewart reviewed all of the reports and saw the contradictions but intentionally ignored the exculpatory evidence. (*Id.*, p. 7.) During the hearing, Plaintiff asked Stewart to call Andrews and asked why he lied, but Stewart refused and instead told Plaintiff that "next time [you] write a staff complaint on an officer [you] w[ill]/should think twice." (*Id.*) This states a cognizable retaliation claim against Stewart.

Plaintiff alleges that Corely classified Speidell's RVR "as a Div (B)" and reviewed the guilty finding, with all the supporting documentation. (*Id.*) Plaintiff alleges that he submitted a "22 Form" complaining that staff had retaliated against him for filing an appeal/administrative grievance. (*Id.*) In response, Corley stated that Plaintiff was just arguing semantics and his officers were well within their rights. (*Id.*) This does not state a cognizable retaliation claim against Corley. Plaintiff's allegations fail to show that Corley acted out of retaliatory animus.

Plaintiff alleges that Rimbach reviewed Speidell's RVR and processed it to be heard by Stewart. (*Id.*) Rimbach's signature was required for Speidell's RVR to be processed against Plaintiff. (*Id.*) Plaintiff states he filed staff complaints/grievances against all named defendants; therefore, Rimbach was placed on notice of Speidell's retaliatory actions. These allegations do not state a cognizable claim as they fail to show that Rimbach's approval of the processing of Speidell's RVR against Plaintiff was motivated by retaliatory animus.

Plaintiff alleges that Artlitz was the chief disciplinary officer who affirmed the guilty finding against him under Speidell's RVR. (*Id.*, p. 8.) Plaintiff alleges that he placed Artlitz on notice of his retaliation complaints with his CDCR-22 form as well as a staff complaint. This does not state a cognizable retaliation claim. Plaintiff fails to state any allegations to show that Artlitz affirmed the finding on Speidell's RVR out of retaliatory animus.

Plaintiff alleges that Tallerico was the reviewing officer of the disciplinary appeal at the second level. (*Id.*) When he came to interview Plaintiff, Plaintiff showed Tallerico "the contradictions and how [he] was retaliated against intentionally." (*Id.*) Tallerico just laughed and said the guilty finding was appropriate and based on a preponderance of the evidence. (*Id.*) Plaintiff alleges that Tallerico was legally required to have Speidell's RVR reissued, reheard, and

dismissed in the interests of justice. (*Id.*) He further alleges he gave notice to Tallerico that he "was going to (sue) everybody that was involved." (*Id.*, p. 9.) He states Tallerico documented these statements in his second level response. (*Id.*) This does not state a cognizable retaliation claim. Plaintiff fails to state any allegations to show that Defendant Tallerico had a retaliatory motivating animus for failing to have Speidell's RVR reissued, reheard, and dismissed.

Plaintiff alleges that Vera adopted Tallerico's recommendation to affirm the guilty finding despite the contradictions and evidence in Plaintiff's favor. (*Id.*) Plaintiff alleges that Vera "turned a blind eye" to his situation and condoned the retaliatory acts of others. (*Id.*) This does not state a cognizable retaliation claim. Plaintiff fails to state any allegations to show that Vera knew of Plaintiff's protected conduct and that his protected conduct was a motivating animus for Vera's adopting Tallerico's finding against Plaintiff.

Plaintiff alleges that he placed Biter on notice of the above wrongful acts via an internal affairs complaint which stated, "I filed a appeal/staff complaint, and staff/correctional officers retaliated for me filing the staff complaint." (*Id.*, p. 10.) Plaintiff alleges that SSA Steven Cooper responded that he had given M.D. Biter the complaint. (*Id.*) Plaintiff also alleges he placed Biter on notice with the filing of staff complaints in which Plaintiff requested he take immediate corrective actions. (*Id.*) Plaintiff further asserts that by virtue of Biter's position as one involved in the screening of appeals, he should have known of Plaintiff's claims of retaliation. (*Id.*) These allegations do not amount to a cognizable retaliation claim against Biter. Plaintiff fails to state any allegations to show that Defendant Biter had a retaliatory motivating animus for failing to act.

Plaintiff alleges that he twice placed Pfeiffer on notice of the above wrongful acts via CDCR-22 Forms which were delivered to him. Plaintiff claims Pfeiffer determined that staff did not commit misconduct and affirmed Speidell's RVR. Plaintiff's retaliation claim is not cognizable against Pfeiffer. Plaintiff does not state any allegations showing that Defendant Pfeiffer had a retaliatory motivating animus for his actions.

### 2. Conspiracy

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the

equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A claim for violation of section 1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation omitted). A mere allegation of conspiracy is insufficient to state a claim. *Id.* at 676-77. A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted).

Plaintiff alleges that Spiedell, Andrews, and Chambers conspired to fabricate untrue statements that were used in Speidell's RVR against him. (Doc. 21, p. 12.) Plaintiff claims Andrews assisted Speidell by stating he was an eyewitness, and Chambers assisted Speidell by stating he was an eyewitness and also that Plaintiff was lying. (*Id.*) Plaintiff alleges that he is a protected class member of the "Remedial Armstrong American with a Disability Act." (*Id.*, p. 13.) He states he is a participant in the California Department of Corrections mental health delivery service system. Plaintiff claims the animus for the defendants' retaliatory actions was the combination of his filing of an initial grievance and his TABE test score which "show[s] [] and/or impl[ies] that [he is] crazy and illiterate." (*Id.*) Plaintiff alleges that Speidell went so far as to refer him to the mental health department for an assessment due to his alleged lying. (*Id.*)

Any conspiracy claim that Plaintiff might have intended to allege is not cognizable as he does little other than suggest that the defendants conspired together based on statements made by Andrews and Chambers that were consistent with Speidell's RVR. Bare allegations that all defendants conspired to harass and/or retaliate against Plaintiff are conclusory at best. *See Iqbal*, 556 U.S. at 678. Further, Plaintiff does not show any class-based invidiously discriminatory animus as a motivating factor for acts by any of the defendants.

### 3. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and

from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

The Court is unable to discern a sufficiently serious deprivation from Plaintiff's allegations to meet the objective prong under the Eighth Amendment. Plaintiff alleges five incidents upon which this claim is premised. However, all are based on general legal conclusions, rather than specific factual allegations. This is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678.

First, Plaintiff alleges that on January 7, 2014, Speidell, Andrews, Chambers, Stewart, Corely, Rimbach, Artlitz, Tallerico, Vera, Biter, and Pfeiffer "illegally conspired to subject this plaintiff to inhumane methods of punishment of retaliation because this Plaintiff filed a staff complaint against one of their own brethren who they have a union-fide duty to be loyal to and protect. Their unlawful actions resulted in injuries of the unnecessary and wanton infliction of pain due to emotional distress and a mental deterioration which led this plaintiff into an unsafe state of mind which was caused by depression anger, fits of mania, tolerance to antitypical phscotics (sic) was ineffective due to being in a constant fear and/or heightened anxiety leading to suicide tendencies homicidal tendencies, etc…." (Doc. 21, p. 15.) These allegations are insufficient to show either an objective deprivation of adequate shelter, food, clothing, sanitation, medical care, and personal safety or that any of the Defendants listed at the start of this paragraph

knew of and disregarded an excessive risk to Plaintiff's health or safety.

Plaintiff also alleges that he was subjected to unconstitutional conditions of confinement when, on December 4, 2014, Biter, Tallerico, and Pfeiffer fabricated statements in "a UCC hearing" imposing an RVR[2] against Plaintiff for threatening public officials which resulted in his placement in the secured housing unit for several months, loss of 150 days good time credit, loss of conjugal visits for up to a year, imposition of six adverse classification points, and "close a custody." (Doc. 21, pp. 15-16.) None of these allegations, alone or in combination, show either an objective deprivation of adequate shelter, food, clothing, sanitation, medical care, and personal safety or that any of the Defendants listed at the start of this paragraph knew of and disregarded an excessive risk to Plaintiff's health or safety.

Plaintiff alleges that on July 28, 2016, his television was destroyed, his typewriter was confiscated, and he was found guilty of possessing cell phones -- all of which Plaintiff filed a grievance on and claimed was retaliatory. (Doc. 21, p. 16.) Plaintiff was apparently charged with an RVR which Speidell reviewed and found Plaintiff guilty. (*Id.*) At the hearing, Plaintiff told Speidell that it was retaliation to which Speidell allegedly responded "Go ahead and knock yourself out with the litigation." (*Id.*) Speidell then imposed a program change to Group C which is non-credit earning status and prohibited Plaintiff from dayroom programs, receipt of quarterly packages, making canteen purchases, phone access, education, vocational programs. Pfeiffer affirmed Speidell's actions. (*Id.*) Plaintiff appealed this action and got it overturned. (*Id.*, pp. 16-17.) Plaintiff also alleges that Defendants imposed inhumane methods of punishment and acted with reckless disregard to his requests. Plaintiff fails to expand on his claimed inhumane methods of punishment, aside from the afore-mentioned actions taken by Defendants. While no doubt Plaintiff would prefer to have access to all of these things, his inability to access these programs, singularly or in combination, does not amount to a deprivation of a basic need to state a cognizable condition of confinement claim.

Plaintiff alleges that on December 4, 2014, Biter fabricated statements which Tallerico

---

[2] Apparently this was the same RVR that supports Plaintiff's earlier allegations under his retaliation claims.

11

and Pfeiffer affirmed that charged Plaintiff with a RVR[3] for threats against a public official. (Doc. 21, p. 18.) Plaintiff states that he filed a writ of habeas corpus against these Defendants four months earlier and at the time of the UCC hearing, they knew Plaintiff was a qualified individual in the mental health program who was acting "unusual, bizarre, and uncharacteristic[ally]" during their discussion. (*Id*., p. 19.) Plaintiff states that he should have been released from the mental health crisis bed in Administrative Segregation but was left there out of deliberate indifference. (*Id.*) These statements do not show a basis to find that these Defendants left Plaintiff in a mental health crisis bed out of deliberate indifference to a known risk to Plaintiff's safety. On the contrary, one might be in need of mental health care if they are exhibiting unusual, bizarre, and uncharacteristic behavior. Nothing in these allegations states a cognizable claim.

Finally, Plaintiff alleges that on August 29, 2016, Speidell engaged "in an ongoing violation of retaliation, imposed an inhumane method of punishment that stripped this plaintiff of his reasonable expectation of safety he was mandated to provide, by imposing an illegal privilege group change that he knew he could not legally impose, and after this plaintiff stated on record during the hearing that it was retaliation and he still chose to disregard and act deliberately indifferent with evil intent, impose an inhumane punishment in violation of the U.S. 8th Amend." (Doc. 21, p. 19.) These allegations are conclusory statements which are, at best, merely consistent with liability, but fall short of satisfying the necessary plausibility standard to state a cognizable claim. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

## **CONCLUSION AND RECOMMENDATION**

Plaintiff's Second Amended Complaint states cognizable claims for retaliation against Defendants Speidell and Stewart. Despite specific and detailed information in prior screening orders, Plaintiff fails to state a cognizable claim against S. Rimbach, R. Corely, T.S. Artlitz, M. Chambers, B. Andrews, M.D. Biter, P. Vera, S. Tallerico, and C. Pfeiffer. It thus appears Plaintiff is unable to cure his allegations against S. Rimbach, R. Corely, T.S. Artlitz, M. Chambers, B. Andrews, M.D. Biter, P. Vera, S. Tallerico, and C. Pfeiffer through amendment,

---

[3] This too was apparently the same RVR that supports Plaintiff's earlier allegations under his retaliation claims.

12

sans fabrication, which renders subsequent leave to amend futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, based on the foregoing, the Court **RECOMMENDS**:

1. That this action proceed on the Second Amended Complaint against Defendants Speidell and Stewart for retaliation; and
2. That S. Rimbach, R. Corely, T.S. Artlitz, M. Chambers, B. Andrews, M.D. Biter, P. Vera, S. Tallerico, and C. Pfeiffer and all other claims be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 21 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 23, 2018**__        _____**/s/ Jennifer L. Thurston**_____
                                                    UNITED STATES MAGISTRATE JUDGE