UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. SPEIDELL, et al.,<br><br>　　　　　Defendants. | Case No.: 1:16-cv-01335-DAD-JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. #47) |

On September 25, 2019, Plaintiff Charles B. Jones filed a motion seeking the appointment of counsel. (Doc. 47.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiffs under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

The Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [petitioner] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even

if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this early stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *See id*.

In response to Plaintiff's concern that recurring health problems may hinder his ability to reply to orders of the Court in a timely manner, the Court notes that Plaintiff may seek reasonable extensions of time as necessary to respond to Court orders. The Court routinely grants extensions of time upon showings of good cause, which may include a health issue that hinders a party's ability to timely respond to an order.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 9, 2019**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE