UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>    Plaintiff,<br><br>v.<br><br>R. SPEIDELL; M. STEWART,<br><br>    Defendants. | Case No. 1:16-cv-01335-DAD-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR DEFAULT JUDGMENT**<br><br>(Docs. 50, 52) |

On December 13, 2019, Plaintiff filed a motion to compel Defendants' responses to Plaintiff's first set of interrogatories, pursuant to Federal Rule of Civil Procedure 37. (Doc. 50.) Defendants filed an opposition on December 30, 2019. (Doc. 51). Plaintiff did not file a reply.

On January 17, 2020, Plaintiff filed a motion requesting a default judgment against Defendants for discovery violations, pursuant to Rule 37(b)(2)(A)(vi). (Docs. 52-53.) Defendants filed an opposition on January 24, 2020. (Doc. 54.) Plaintiff has not filed a reply, and the time to do so has passed. *See* Local Rule 230(l).

In his motion to compel, Plaintiff contends that he mailed his interrogatories to the defendants during the second week of September; as of December 6, 2019, he had not received a response. (Doc. 50 at 2.) In their opposition, Defendants argue that Plaintiff's motion is untimely, since the discovery cutoff date was November 7, 2019, more than one month before Plaintiff filed his motion. (Doc. 51 at 4.) Defense counsel also declares that neither he nor his office received

any discovery requests from Plaintiff related to this case. (Doc. 51-2, Whisnand Decl., ¶¶ 5, 10.) In a supporting declaration, the mailroom supervisor at California State Prison, Los Angeles County (where Plaintiff is currently incarcerated) provides copies of Plaintiff's legal mail logs, which seem to show that Plaintiff did not send any mail during the timeframe in which he says he mailed the interrogatories to Defendants. (*See* Doc. 51-1, Ruiz Decl., Ex. A.)

In his motion for default judgment, Plaintiff attaches a copy of his outgoing mail log, which shows that he indeed mailed documents to defense counsel on September 12, 2019. (Doc. 52 at 13.) For this reason, Plaintiff argues that Defendants should be subject to a default judgment for discovery violations and perjury. (*See id.* at 10.)

With Defendants' opposition, the mailroom supervisor provides an amended declaration, in which she states that she is unsure why Plaintiff's "outgoing legal mail log was blank the first time that [she] generated it, but it was likely due to operator error." (Doc. 54-1, Ruiz Decl., ¶ 7.) The declaration includes a copy of Plaintiff's re-generated mail log, which shows that Plaintiff indeed sent legal mail in September 2019. (Doc. 54-1, Ex. A.) Defense counsel, however, "still maintains that he never received the interrogatories that Plaintiff claims to have mailed." (Doc. 54 at 2.)

There is thus a dispute of fact regarding whether Defendants received Plaintiff's first set of interrogatories. The Court need not resolve this issue, though, because Defendants are correct that Plaintiff's motion is untimely. On October 9, 2019, the Court granted Plaintiff's motion to modify the discovery and scheduling order, setting November 7, 2019 as "[t]he deadline for completion of all discovery, including filing motions to compel." (Doc. 49 at 2.) Plaintiff does not provide any reasons or justification for why he filed his motion to compel on December 13, 2019, more than a month after the discovery cutoff date. For this reason, the Court DENIES Plaintiff's motion (Doc. 50) as untimely.

The Court also DENIES Plaintiff's request for a default judgment pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi) (Doc. 52). Rule 37(b) provides the Court with authority to impose sanctions for "Failure to Comply with a Court Order." Because the Court does not find that Defendants failed to obey any order, the Court may not impose sanctions under this rule.

The Court does, however, express concern regarding the discrepancies between the declarations of the prison mailroom supervisor. Though the Court does not agree with Plaintiff that there is evidence to suggest perjury[1], the Court admonishes defense counsel and prison staff to take greater care to ensure that sworn declarations filed with the Court are accurate.

IT IS SO ORDERED.

    Dated: __**February 21, 2020**__            __**/s/ Jennifer L. Thurston**__
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, as noted here, because the plaintiff failed to file the motion timely, the declaration was not considered.