UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>   Plaintiff,<br><br>  v.<br><br>R. SPEIDELL; M. STEWART,<br><br>   Defendants. | Case No. 1:16-cv-01335-DAD-JLT (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 61) |

  Charles B. Jones requests the appointment of counsel to represent him in this action. (Doc. 61.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

  Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

///

1 In the present case, the Court does not find the requisite exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. Furthermore, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

In his motion, Plaintiff states that he requires counsel, in part, to assist with discovery, summary judgment proceedings, and preparation for trial. (*See* Doc. 61 at 3, 8.) However, no summary judgment motions are pending, the discovery and dispositive-motion deadlines have already passed (*see* Doc. 49), and no trial date has been set. The only upcoming court date is a telephonic trial confirmation hearing on February 1, 2021, for which the deadline to submit pretrial statements is December 14, 2020. (Doc. 60.)

For the foregoing reasons, the Court DENIES Plaintiff's motion for the appointment of counsel without prejudice to refiling at a later date.

IT IS SO ORDERED.

Dated:   **June 17, 2020**                              **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE