1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11      CHARLES B. JONES,                          Case No. 1:16-cv-01335-JLT (PC)

12                    Plaintiff,                    **THIRD SCHEDULING ORDER**

13             v.
                                                    Trial Confirmation Hearing:  November 29, 2021
14      R. SPEIDELL; M. STEWART,                    Jury Trial:  February 7, 2022

15                    Defendants.

16

17             This matter has been reassigned to the undersigned for all purposes, including trial and

18      entry of judgment, per to the parties' consent. (Docs. 72-74.) Pursuant to Federal Rule of Civil

19      Procedure 16(b) and Local Rule 281, the Court sets the following pretrial schedule and trial date.

20      The parties may disregard the prior scheduling order issued on April 16, 2020 (Doc. 60).

21      **I.     PRETRIAL STATEMENT**

22             The parties are required to file pretrial statements pursuant to Local Rule 281 and must

23      comply with the schedule set forth in this order. Failure to comply with the provisions of this

24      order or the Local Rules may result in the imposition of sanctions up to and including dismissal of

25      this action or the entry of default.

26      **II.    WITNESSES**

27             At the trial of this case, the parties must be prepared to introduce evidence to prove each

28      of the alleged facts that support the claims raised in this lawsuit. In general, there are two kinds of

trial evidence: (1) exhibits and (2) testimony of witnesses. The parties are responsible for producing the evidence to prove their cases, whether that evidence is in the form of exhibits or witness testimony.

If Plaintiff wishes to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify. Plaintiff is required to make a particularized showing, the procedures and requirements for which are outlined in detail below. Plaintiff is advised that failure to comply with these procedures may result in the preclusion of witnesses named in his pretrial statement.[1]

**A. Procedures for Obtaining Attendance of Incarcerated Witnesses**

An incarcerated witness cannot attend court to provide testimony unless the Court orders the warden or other custodian to permit the witness to be transported to court. The Court will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts. Motions for the attendance of incarcerated witnesses must be served and filed **concurrent with the pretrial statement** on or before **October 18, 2021**. Any such motion should be entitled, "Motion for Attendance of Incarcerated Witnesses." Oppositions, if any, must be filed on or before **November 8, 2021**.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses shall be brought to court. Subsequently, the Court will issue the order necessary to cause the witnesses' custodian(s) to transport the witnesses to court.

       1. <u>Motions for Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

A party intending to introduce the testimony of incarcerated witnesses who voluntarily agree to attend trial must file a motion for a court order requiring that such witnesses be transported to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and, (2) be accompanied by declarations showing that each witness is willing to testify and has actual, firsthand knowledge of relevant facts.

---

[1] Notwithstanding the requirements set forth herein, it is within the Court's discretion to grant a motion for the attendance of incarcerated witnesses based upon such factors as whether the witnesses' "presence will substantially further the resolution of the case." *Wiggins v. Alameda Cty.*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (citation omitted).

The willingness of the prospective witness can be shown in one of two ways: (1) the party can submit a declaration under penalty of perjury, in which he states that the prospective witness has informed the party of his/her willingness to testify without being subpoenaed, as well as when and where the prospective witness so informed the party; or, (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states his/her willingness to testify without being subpoenaed.

The prospective witness's actual, firsthand knowledge of relevant facts can be shown in one of two ways: (1) if the party has firsthand knowledge that the prospective witness was an eyewitness or an earwitness to the relevant facts (for example, if an incident occurred in Plaintiff's cell, and Plaintiff saw that a cellmate was present and observed the incident), the party may submit a declaration under penalty of perjury, in which he states that the prospective witness has actual knowledge; or, (2) the party may file a declaration, signed under penalty of perjury by the prospective witness, in which the witness describes the relevant facts to which he/she was an eye- or earwitness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident and provide when and where the incident occurred, who was present, and how the prospective witness was in a position that allowed him/her to see or to hear what happened.

2. <u>Motions for Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party wishes to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party must submit a motion in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

**B. Procedures for Obtaining Attendance of Unincarcerated Witnesses**

1. <u>Voluntary</u>

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the date and time of trial. The party need not file a motion or seek action from the Court.

///

1          2.   <u>Involuntary</u>

2          If a party wishes to obtain the attendance of unincarcerated witnesses who refuse to testify

3    voluntarily, the party must serve the witness with a subpoena. Fed. R. Civ. P. 45. In addition, the

4    party must tender an appropriate sum of money for the witness. *Id.* In the case of an

5    unincarcerated witness, the appropriate sum of money is the daily witness fee of **<u>$40 plus the</u>**

6    **<u>witness's travel expenses</u>**. 28 U.S.C. § 1821.

7          If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to

8    testify voluntarily, Plaintiff must notify the Court in writing of the name and location of each

9    unincarcerated witness on or before **<u>October 18, 2021</u>**. The Court will calculate the travel

10   expenses for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must

11   then, for each witness, submit a money order made payable to the witness for the full amount of

12   the witness's travel expenses, plus the daily witness fee, on or before **<u>November 8, 2021</u>**. **The**

13   **United States Marshall will not serve the subpoena on the unincarcerated witness unless**

14   **and until the money order is tendered to the Court.** Because no statute authorizes the use of

15   public funds for such expenses in civil cases, the tendering of witness fees and travel expenses is

16   required even if Plaintiff was granted leave to proceed *in forma pauperis*.

17   **III.   ORDER**

18         Accordingly, the Court ORDERS:

19   1.   This matter is set for a jury trial before the undersigned on **February 7, 2022, at 8:30**

20        **a.m.**, in the United States courthouse located at 510 19th Street, Bakersfield,

21        California 93301.

22   2.   A telephonic trial confirmation hearing is set for **November 29, 2021, at 10:00 a.m.**

23        Defense counsel shall arrange for Plaintiff's participation. The conference call number

24        is 1-888-557-8511 and the access code is 1652736. Because the Court may be hearing

25        other matters using the same conference line, the parties should wait to state their

26        appearances until this case is called and their appearances are requested. All

27        background noise should be kept to a minimum.

28   ///

4

3.  Plaintiff shall serve and file a pretrial statement, as described in this order, on or before **October 18, 2021**.

4.  Defendants shall serve and file a pretrial statement, as described in this order, on or before **November 8, 2021**.

5.  In addition to electronically filing a pretrial statement, Defendants shall e-mail the pretrial statement to jltorders@caed.uscourts.gov.

6.  If Plaintiff intends to call incarcerated witnesses at trial, he shall file a motion for attendance of incarcerated witnesses, as described in this order, on or before **October 18, 2021**.

7.  The opposition to a motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **November 8, 2021**.

8.  If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court in writing of their names and locations on or before **October 18, 2021**, and he must submit the money orders, as described in this order, to the Court on or before **November 8, 2021**.

9.  The Clerk's Office shall send Plaintiff a copy of Local Rule 281.

IT IS SO ORDERED.

Dated:   **March 10, 2021**                        **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE

5