UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. SPEIDELL, M. STEWART,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01335-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Doc. 65) |

**I.     BACKGROUND**

This action proceeds on Plaintiff's second amended complaint for claims of First Amendment retaliation, pursuant to 42 U.S.C. § 1983. (Doc. 28.) Plaintiff alleges Defendants Speidell and Stewart, former correctional lieutenants at Kern Valley State Prison (KVSP), issued a false rules violation report (RVR) against him in retaliation for his filing of an administrative grievance. (Doc. 21.)

Before the Court is Plaintiff's "motion for an injunctive relief order and request for maximum fines." (Doc. 65.) The Court construes the filing as a motion for a preliminary injunction. In his motion, Plaintiff alleges that prison officials at California State Prison, Corcoran (CSP-Corcoran) obstructed his access to the courts by restricting his access to his property during a COVID-19-related quarantine. (*See id.* at 2-6.) Plaintiff requests that the Court issue an order directing Correctional Captain Brown, Correctional Lieutenant Silva, the warden of CSP-

Corcoran, and the director of the California Department of Corrections and Rehabilitation (CDCR) "to release [his] property so [he] can freely prosecute [his] cases." (*Id.* at 2, 7.) Plaintiff also requests that the Court impose fines against the officials for violating his constitutional rights. (*Id.*)

## II.     DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

In addition, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' … and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

As an initial matter, the Court does not have personal jurisdiction over the individuals against whom Plaintiff seeks an injunction, i.e., Captain Brown, Lieutenant Silva, the warden of CSP-Corcoran, and the secretary of CDCR. In this case, the Court only has personal jurisdiction over the parties, i.e., Plaintiff and Defendants Speidell and Stewart.

In addition, the claims in Plaintiff's motion are unrelated to the claims at issue in this case. As described above, Plaintiff's operative claims are for First Amendment retaliation, based on his allegation that Defendants issued a false RVR in retaliation for his filing a grievance while at KVSP. (Doc. 28.) Plaintiff's claims in his motion, on the other hand, are access-to-court claims based on the confiscation of his property during a quarantine at CSP-Corcoran. (Doc. 65.) When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810

F.3d 631, 633 (9th Cir. 2015). "Because the Court only has jurisdiction over the operative claims in the [c]omplaint," which do not include the claims in Plaintiff's motion, the Court lacks the authority to provide the injunctive relief that Plaintiff seeks. *Smith v. Rios*, No. 1:10-cv-1554-AWI-MJS, 2010 WL 4603959, at *2 (E.D. Cal. 2010) (citations omitted).

### III. ORDER

Based on the foregoing, the Court DENIES Plaintiff's motion.[1]

IT IS SO ORDERED.

Dated: __March 12, 2021__                    /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Plaintiff will have ample time to prepare a pretrial statement as directed by the third scheduling order (Doc. 76) before the telephonic trial confirmation hearing on November 29, 2021.